UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK ANGELO DELISO,

    Plaintiff,

v.                                            Case No. 8:25-cv-1152-KKM-LSG

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

On May 5, 2025, State Farm removed from state court this action for underinsured/uninsured motorist benefits. Notice of Removal (Doc. 1). Because the notice of removal failed to provide sufficient proof of the requisite amount-in-controversy for federal diversity jurisdiction, I ordered State Farm to "submit evidence demonstrating that the amount in controversy exceeds $75,000 exclusive of interests and costs." (Doc. 4). A week later, Deliso moved to remand on the basis that State Farm failed to follow proper removal procedure and failed to prove that the amount in controversy exceeds $75,000. Am. Mot. to Remand (MTR) (Doc.

11).[1]

State Farm responds with a motion to supplement its notice of removal and submits more evidence of the amount-in-controversy. Mot. to Supplement (MTS) (Doc. 12). Because State Farm followed the statutory removal procedure and submits sufficient evidence as to the amount in controversy, I deny Deliso's motion. But because State Farm's submission reveals a potential issue as to Deliso's citizenship, State Farm must produce more evidence before this case can proceed in federal court.

Deliso first argues that State Farm did not "file in the District Court a notice of removal and have it signed pursuant to Rule 11." MTR at 6; *see* 28 U.S.C. § 1446(a). To the contrary, State Farm did file a notice of removal, which is signed pursuant to Rule 11. *See generally* Notice of Removal; *see id.* at 8 (signature). Deliso's first argument therefore provides no basis for remand.

In his complaint, Deliso alleges that this "is an action for damages" that exceeds $50,000. Compl. (Doc. 1-1) ¶ 1. Because Deliso "has not pled a specific amount of damages," State Farm "must prove by a preponderance of the evidence

---

[1] Deliso's initial Motion to Remand (Doc. 10) raises the same arguments as his amended motion. For ease of reference, I consider only the amended motion above the line.

that the amount in controversy exceeds" $75,000. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see* 28 U.S.C. § 1332(a). To meet this burden, a removing defendant "may submit a wide range of evidence." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

State Farm relies on three pieces of evidence. First, on separate occasions before initiating this action, Deliso demanded the $100,000 policy limit. MTS at 8; *see* (Doc. 12-1) at 53–58. Second, in the Civil Remedy Notice that Deliso filed before initiating this action, Deliso claimed more than $75,000 in potential damages. MTS at 8–9; *see* (Doc. 12-1) at 59–63. Deliso identified $36,250.24 in past medical expenses and between $67,500 and $72,500 in future recommended treatments. (Doc. 12-1) at 62–63. In the same Notice, Deliso identified a plan to "present a customary per diem argument to the jury for non-economic damages," in which Deliso will seek "$10 per hour for every waking hour he has spent suffering with pain caused by the injuries he sustained in this crash." *Id.* at 63. Based on this calculation, Deliso claimed that he would seek $61,920 for past pain and suffering and $3,223,680 for future pain and suffering. *Id.* To end his notice, Deliso claimed that he would settle for the full $100,000 policy limit. *Id.* Third and finally, State Farm cites "local jury verdicts and settlements in car accident cases involving similar

3

injuries" that have "exceed[ed] the $75,000 threshold." MTS at 9–10.

With this new evidence, State Farm has "prove[n] by a preponderance of the evidence that the amount in controversy exceeds" $75,000. *Williams*, 269 F.3d at 1319. Although Civil Remedy Notices are sometimes chalked up to "mere puffery or posturing," *Disparti v. State Farm Mut. Auto. Ins. Co.*, No. 8:17-CV-82-T-33TGW, 2017 WL 117313, at *2 (M.D. Fla. Jan. 12, 2017), Deliso's Notice, in the light of its sufficiently detailed description of his past and future medical expenses, is "more of an honest assessment of damages rather than mere puffery and posturing," *Crutchfield v. State Farm Mut. Auto. Ins. Co.*, No. 6:12-CV-1656-ORL-37, 2013 WL 616921, at *2 (M.D. Fla. Feb. 19, 2013); *see, e.g.*, *Mead v. IDS Prop. Cas. Ins. Co.*, No. 813CV2206T24AEP, 2013 WL 12157838, at *5 (M.D. Fla. Nov. 26, 2013) ("Courts can consider future medical costs in determining whether the amount in controversy is established even though such costs are necessarily somewhat speculative."). Taken together, these expenses total over $100,000. *See* (Doc. 12-1) at 62–63. This evidence, when combined with "reasonable inferences," *Pretka*, 608 F.3d at 754, supports the validity of Deliso's $100,000 settlement demands, *see* (Doc. 12-1) at 53–58, and satisfies State Farm's burden. Therefore, I deny Deliso's Amended Motion to Remand (Doc. 11) and

4

discharge the show cause order (Doc. 4).

But in solving one jurisdictional problem, State Farm has flagged another. In the Notice of Removal, State Farm represented that Deliso "has citizenship in the State of Florida." Notice of Removal ¶ 7(a). But in the Motion to Supplement, State Farm represents that Deliso "was a resident of Pinellas County, Florida," at the time of the accident. MTS at 1. Although residency may constitute evidence of citizenship, "[r]esidence alone is not enough" to demonstrate citizenship. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Instead, the party seeking to invoke federal diversity jurisdiction must demonstrate domicile. *See id.* Therefore, in the light of State Farm's representation in its Motion to Supplement, State Farm must, no later than June 16, 2025, provide additional evidence of Deliso's citizenship in Florida.

Accordingly, the following is **ORDERED**:

1. The Order to Show Cause (Doc. 4) is **DISCHARGED**.

2. Deliso's Motions to Remand (Docs. 10 & 11) are **DENIED**.

3. State Farm's Motion to Supplement (Doc. 12) is **GRANTED**.

4. No later than **June 16, 2025**, State Farm must provide additional evidence of Deliso's citizenship in Florida.

5

**ORDERED** in Tampa, Florida, on June 3, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge